### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JACQUELYN LEIB,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 12-2169-CM** |
| ) | |
| **BONNER SPRINGS-EDWARDSVILLE** ) | |
| **UNIFIED SCHOOL DISTRICT NO. 204,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### MEMORANDUM AND ORDER

Plaintiff Jacquelyn Leib, represented by counsel, brings this action against defendant Bonner Springs-Edwardsville Unified School District No. 204, alleging one count of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. Plaintiff also alleges one count of sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), 42 U.S.C. §2000e *et seq*. Before the court is defendant's motion to dismiss (Doc. 6). For the reasons set out below, defendant's motion to dismiss is granted.

### I.        Factual Background

The facts set forth by plaintiff in her complaint pertaining to her age discrimination claim are as follows. Plaintiff was born on June 18, 1966. She was employed by defendant for seven years and was a tenured teacher. Defendant discharged plaintiff on or around June 7, 2010. Plaintiff "successfully and competently performed her various duties for defendant for approximately seven (7) years." (Doc. 5 at 2.) She was "discriminated against because similarly situated younger employees

did not suffer the same adverse employment action" and plaintiff claims this action violated her right to be free from age discrimination.  (*Id*.)

As to her sex discrimination claim, plaintiff states the following facts.  She "successfully and competently performed her various duties for defendant for approximately seven (7) years."  (*Id*. at 3.) Defendant discharged plaintiff on or around June 7, 2010.  Plaintiff was "discriminated against because similarly situated male employees did not suffer the same adverse employment action" and plaintiff claims that defendant's "decision to discharge plaintiff in a discriminatory fashion" violated her right to be free from sex discrimination.  (*Id*.)

In her response to defendant's motion to dismiss, it appears that plaintiff stated at least one additional fact not included in her complaint, namely that she "was subjected to treatment of a sexually discriminatory nature in connection with her termination from employment, because she was replaced by others who are males."  (Doc. 8 at 4.)  In a footnote, plaintiff asked for leave to amend her complaint to add these facts if necessary.[1]

## II.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court clarified this pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  In considering a motion to dismiss, the court assumes the truth of all well pleaded facts in the complaint and views them in a light most favorable to plaintiffs.  *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).  While the factual allegations need not be detailed, the claims must set

---

[1] Plaintiff also included a motion to strike in a footnote.  While the court retains inherent authority to consider a motion to strike, the court declines to do so in this situation.  *See Pepe v. Koreny*, No. 99-1063, 1999 WL 686836, at *2 (10th Cir. Sept. 3, 1999) (discussing the inherent authority of a district court to manage its docket).

forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Id.* In reviewing a complaint under Rule 12(b)(6), the court "disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

In *Khalik*, the 10th Circuit discussed the pleading requirements for discrimination claims. *Id.* The court in *Khalik* noted that while the plaintiff is not required to establish a prima facie case in her complaint, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Id.* at 1192. Further, *Khalik* stated that under *Twombly* and *Iqbal*, "a plaintiff should have at least some relevant information to make the claims plausible on their face." *Id.* at 1193.

## III.        Discussion

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1). To state a claim under the ADEA, a plaintiff must show that "age was 'the but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009). Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

To prove a violation under both the ADEA and Title VII, a plaintiff must point to either direct evidence of discrimination or utilize the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998) (applying the *McDonnell Douglas* framework to both ADEA and Title VII cases); *Jones v. Okla. City*

*Pub. Sch.*, 617 F.3d 1273, 1278 (10th Cir. 2010) (confirming that the *McDonnell Douglas* framework applies to ADEA claims).

The *McDonnell Douglas* framework's three-step analysis first requires the plaintiff to prove a prima facie case of discrimination.  *See Garrett v. Hewlett-Packard Co*., 305 F.3d 1210, 1216 (10th Cir. 2002).  A prima facie case of discrimination requires the plaintiff to prove that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was treated less favorably than others not in the protected class.  *Sanchez*, 164 F.3d at 531.  The burden then shifts to the defendant to provide a legitimate, non-discriminatory reason for the adverse employment action.  *Id*.  If this requirement is met, the plaintiff then must show that the plaintiff's protected status played a determinative role in the employment decision or that the employer's proffered reason is pretext.  *Khalik*, 671 F.3d at 1192.

In this case, a number of plaintiff's allegations are wholly conclusory and are not entitled to an assumption of truth.  For the age discrimination claim, these allegations include that: (1) she was discriminated against because similarly situated younger employees did not suffer the same adverse employment action; and (2) defendant's decision to discharge plaintiff in a discriminatory fashion constituted a violation of plaintiff's right to be free from age discrimination.  Conclusory allegations relating to the sex discrimination claim include that: (1) plaintiff was discriminated against because similarly situated male employees did not suffer the same adverse employment action; and (2) defendant's decision to discharge plaintiff in a discriminatory fashion constituted a violation of plaintiff's right to be free from sex discrimination.

After removing these conclusory allegations, the following facts are taken as true.  Age discrimination allegations include that: (1) plaintiff was born on June 18, 1966; (2) during the course of her employment, plaintiff has successfully and completely performed her various duties for

defendant for approximately seven years; and (3) defendant discharged plaintiff on or around June 7, 2010.  Allegations relating to the sex discrimination claim include that: (1) plaintiff has successfully and competently performed her various duties for defendant for approximately seven years; and (2) defendant discharged plaintiff on or around June 7, 2010.

In both her age and sex discrimination claims, plaintiff fails to provide facts related to the alleged discrimination.  While plaintiff alleges that similarly situated younger and/or male employees did not suffer the same adverse employment action as plaintiff, she provides no details as to how or when these other situations occurred.  In addition, plaintiff alleges that defendant discharged her in a "discriminatory fashion."  However, plaintiff failed to elaborate on how defendant's actions were discriminatory.  This is not enough: "there are certain details the [p]laintiff should know and could properly plead to satisfy the plausibility requirement."  *Khalik*, 671 F.3d at 1194.  The facts alleged by plaintiff do not sufficiently allege discrimination.

Finally, plaintiff's attempt to move for leave to amend her complaint fails to comply with Local Rule 15.1.  Under Local Rule 15.1, a party filing a motion for leave to amend its complaint must provide a concise statement of the amendment or leave sought and attach the proposed pleading.  Plaintiff failed to meet these requirements.[2]  Plaintiff's additional conclusory allegation stating she suffered sex discrimination because she was replaced by males—even assuming it appeared in her complaint—does not help plaintiff to state a plausible claim for relief.  Her complaint is insufficient to survive a motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is granted.

Dated this <u>31st</u> day of August, 2012, at Kansas City, Kansas.

---

[2] In its response, plaintiff makes a two-sentence request in a footnote for leave to amend.  Moreover, plaintiff only provides an additional conclusory statement regarding sex discrimination.  Plaintiff's bare request fails to provide notice of the particular basis for amendment and requires the court to "read the minds of litigants to determine if information justifying an amendment exists."  *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999).  Accordingly, the court does not recognize this request as a motion for leave to amend.

s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**