## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JACQUELYN LEIB, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 12-2169-CM** |
| | ) | |
| BONNER SPRINGS-EDWARDSVILLE | ) | |
| UNIFIED SCHOOL DISTRICT NO. 204, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the court on plaintiff Jacquelyn Leib's motion for reconsideration and motion for leave to file first amended complaint (Doc. 15).[1] On September 27, 2012, plaintiff, represented by counsel, moved the court to reconsider the portion of its August 31, 2012 Order (Doc. 13) ("Order") granting defendant's motion to dismiss. Judgment was entered in favor of defendant on September 6, 2012 (Doc. 14). The court finds that plaintiff's motion for reconsideration lacks a valid basis for reconsideration. For the reasons below, the court denies plaintiff's motion for reconsideration and motion for leave to file first amended complaint.

Plaintiff originally filed this action in the District Court of Wyandotte County, Kansas. Defendant removed the case to this court and subsequently filed its motion to dismiss, arguing that plaintiff failed to state a claim and failed to plead sufficient facts to support plaintiff's age and sex discrimination claims. In its Order, the court found that "a number of plaintiff's allegations are wholly

---

[1] Plaintiff's two-page motion was filed without any supporting brief or memorandum of law. In addition, plaintiff's motion includes no discussion of the applicable legal standards. Local Rule 7.1(a) requires that all motions in civil cases be accompanied by a brief or memorandum. "Such failure can of itself result in the denial of a motion." *Fleming v. Lawrenco Foods, Inc.*, No. CIV.A. 95-2358-GTV, 1996 WL 159635, at *1 (D. Kan. Apr. 4, 1996). This is not plaintiff's first failure to comply with a Local Rule (see discussion of plaintiff's failure to comply with Local Rule 15.1 below). The court reminds plaintiff of the importance of compliance with the court's Local Rules. Nonetheless, the court considers plaintiff's motion on the merits.

conclusory and are not entitled to an assumption of truth." (Doc. 13 at 4.) After removing these conclusory allegations, the court found that the remaining facts alleged by plaintiff did not sufficiently allege discrimination.

Plaintiff's response to defendant's motion to dismiss included a two-sentence request or "offer" to amend her complaint in a footnote. The court clearly stated that plaintiff's attempt to move for leave to amend her complaint failed to comply with Local Rule 15.1, which requires the party to provide a concise statement of the proposed amendment and attach the proposed pleading. Plaintiff failed to meet these requirements, and the court determined that her additional proffered conclusory allegation was nonetheless insufficient to help her to state a plausible claim for relief.

## I.   Legal Standard

The decision whether to grant or deny a motion to reconsider is within the court's sound discretion. *In re Baseball Bat Antitrust Litig.*, 75 F. Supp. 2d 1189, 1192 (D. Kan. 1999) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988) (citation omitted)). There are three grounds that may justify reconsideration: (1) "an intervening change in controlling law"; (2) "the availability of new evidence"; or (3) "the need to correct clear error or prevent manifest injustice." *Shinwari v. Raytheon Aircraft Co.*, 25 F. Supp. 2d 1206, 1208 (D. Kan. 1998).[2]

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, "it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010). More importantly, a motion for reconsideration "is

---

[2]    Because plaintiff filed her motion to reconsider within twenty-eight days after the entry of the judgment, the court considers her motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Allen v. Reynolds*, Civil Action No. 09-cv-02605-WJM-MJW, 2011 WL 7563101, at *1 (D. Colo. June 13, 2011). A Rule 59(e) motion is essentially a motion for reconsideration. *Zhu v. Fed. Hous. Fin. Bd.*, No. 04-2539-KHV, 2007 WL 2071759, at *3 (D. Kan. July 19, 2007).

not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

**II.      Discussion**

After reviewing plaintiff's motion, the court finds no grounds that warrant reconsideration. Plaintiff claims that reconsideration is necessary in the interest of justice. Plaintiff thus apparently bases its motion on the third ground for reconsideration: the need to correct clear error or prevent manifest injustice. Specifically, plaintiff contends that in granting defendant's motion to dismiss, plaintiff was deprived of her "ability to proceed with a substantive adjudication of her claims, based solely on the fact that plaintiff initiated her suit under Kansas notice-pleading rules, and not federal civil procedure rules and relevant recent caselaw construing the same." (Doc. 15 at 2.)

Plaintiff's argument in her motion for reconsideration that her complaint was sufficient because it was filed under state—and not federal—pleading requirements was also raised in a footnote in her response to defendant's motion to dismiss. (Doc. 15 at 2; Doc. 8 at 5 n.3.) Plaintiff's motion for reconsideration does precisely what the cases above state it cannot do—it revisits issues already addressed, puts forth additional arguments that were formerly available, and attempts to make a stronger case by enhancing arguments that previously failed. *See Coffeyville*, 748 F. Supp. 2d at 1264; *Voelkel*, 846 F. Supp. at 1483. This court spent considerable time, effort, and resources addressing plaintiff's arguments in its Order. Plaintiff cannot use its motion for reconsideration as an attempt to bolster its previous arguments and try for a second chance on this issue. The court—as it did in its previous Order—finds that plaintiff has failed to state a claim sufficient to survive a motion to dismiss. Plaintiff has not provided any argument that causes the court to conclude its finding on this issue was incorrect.

Moreover, plaintiff does not appear to argue that the court actually erred in its ruling; instead, plaintiff asks the court to retract its order and allow plaintiff to file an amended complaint that will comply with federal pleading requirements—all in the interest of justice. "Thus, plaintiff does not really seek reconsideration of the [c]ourt's order of dismissal, but rather requests that the [c]ourt undo the final judgment, re-open the case, and grant it leave to file an amended complaint that states a viable cause of action." *Quality Printing, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 12-2033-JWL, 2012 WL 2568160, at *1 (D. Kan. July 2, 2012).

Faced with a very similar situation, the court in *Quality Printing, Inc.* looked to the case of *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084 (10th Cir. 2005). In *Tool Box, Inc.*, the Tenth Circuit stated that "the filing of an amended complaint is not permissible until the judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." 419 F.3d at 1087 (citations omitted). The Tenth Circuit explained the additional obstacles in obtaining permission to amend a judgment after it has been entered, noting that the Rule 15(a) standard that relief should be "freely given when justice so requires" is actually reversed in cases where the plaintiff requests to amend the complaint after judgment has been entered and the case has been dismissed. *Id.* (citation omitted).

Plaintiff's first attempt to move for leave to amend her complaint failed to comply with Local Rule 15.1, and the court did not recognize her request on that basis. (Doc. 13 at 5.) As defendant points out, plaintiff could have amended her complaint under Federal Rule of Civil Procedure 15(a)(1) without leave of the court as a matter of course within twenty-one days after serving it on defendant or twenty-one days after plaintiff was served with defendant's motion to dismiss. Plaintiff failed to do this. Plaintiff also could have properly sought leave to amend pursuant to Rule 15(a)(2) and Local Rule 15.1 after the twenty-one days had expired. However, plaintiff again neglected to do so. Here, plaintiff's untimely second attempt to obtain leave to amend in the present motion is properly denied

because plaintiff "had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave."  *See Quality Printing, Inc.*, 2012 WL 2568160, at *2 (citing *Tool Box, Inc.*, 419 F.3d at 1088)).  Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff Leib's Motion for Reconsideration and Motion for Leave to File First Amended Complaint (Doc. 15) is denied.

Dated this  14th  day of December, 2012, at Kansas City, Kansas.

s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**